**DAVIS–BLUNT, Appellant,**

v.

**MYATT et al., Appellees.**

[Cite as *Davis–Blunt v. Myatt* (1999), 134 Ohio App.3d 213.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–980693.

Decided Aug. 27, 1999.

214

*Dennis J. Lamm,* for appellant.

*Stephen M. Yeager,* for appellees.

GORMAN, Judge.

Raising three assignments of error, plaintiff-appellant Shirley Davis–Blunt appeals from the entry granting summary judgment for her landlords, defendants-appellees Michael and Marie Myatt, on her claim for personal injuries. Because genuine issues of material fact exist as to whether the Myatts negligently repaired staircase carpeting that Davis–Blunt alleges caused her to trip and fall, summary judgment was improvidently granted. We have *sua sponte* removed this cause from the accelerated calendar.

In September 1996, Davis–Blunt rented a home from the Myatts. One week before occupancy, Ms. Myatt led Davis–Blunt on an inspection of the home. She showed Davis–Blunt that the carpet on one of the stairs leading from the

basement to the kitchen had come loose from the stair tread. Ms. Myatt told Davis–Blunt that it would be fixed before she moved in. Using glue and tape, Ms. Myatt thereafter repaired the loose carpet.

On November 4, 1996, while Davis–Blunt was descending the staircase, her shoe allegedly caught in the loose carpeting that Myatt had previously attempted to repair. She fell, sustaining injuries. Davis–Blunt filed a complaint against the Myatts alleging, *inter alia,* that their negligence had caused her fall. In granting the Myatts' motion for summary judgment, the trial court concluded that, as landlords out of possession, lack of knowledge or constructive notice of the defective carpet precluded them from being held liable for Davis–Blunt's injuries.

The function of summary judgment is to determine from the evidentiary materials if triable factual issues exist. A motion for summary judgment may be granted only if, upon viewing the inferences to be drawn from the underlying facts set forth in the pleadings, depositions, answers to interrogatories, written admissions, and affidavits in a light most favorable to the party opposing the motion, the court determines that no genuine issues of material fact remain to be litigated. Civ.R. 56(C); see *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274.

Pursuant to R.C. 5321.04(A)(2), a landlord who is party to a rental agreement shall "[m]ake all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition." Liability is contingent upon the tenant's proof of proximate cause and proof "that the landlord received notice of the defective condition of the rental premises, that the *landlord knew of the defect,* or that the tenant had made reasonable, but unsuccessful, attempts to notify the landlord." (Emphasis added.) *Shroades v. Rental Homes, Inc.* (1981), 68 Ohio St.2d 20, 25, 22 O.O.3d 152, 155, 427 N.E.2d 774, 778. The landlord's violation of the duty to repair is negligence *per se. Id.*

Aside from the statutory remedy in R.C. Chapter 5321, at common law a "lessor [can] be held liable for the condition of premises if there were an agreement to repair or a violation of a duty imposed by statute." *Shroades, supra,* at 23, 22 O.O.3d at 154, 427 N.E.2d at 776–777. Furthermore, at common law it has always been the rule that a landlord who undertakes and negligently makes repairs to the premises incurs liability for injuries to tenants or their invitees that are proximately caused by the negligent repair. See *Simpson v. Delta Property Mgt., Inc.* (June 25, 1986), Hamilton App. Nos. C–850562 and C–850575, unreported, 1986 WL 7136.

If the facts in this case are construed most strongly in favor of Davis–Blunt, that the Myatts had actual knowledge of the defective stair carpeting is self-evident by their promise to repair it, and their promise became an express

term of the rental agreement. The Myatts' contention that they did not have knowledge that their glue-and-tape repair had failed is immaterial to liability since they made the repair. Whether the Myatts performed their obligation under the agreement in a negligent manner is a genuine issue of material fact to be resolved at trial, especially in light of Ms. Myatt's admission that she had previously repaired the same carpeting with staples and was aware that that repair had failed. Not only was summary judgment for the Myatts inappropriate, but the remaining issues in dispute involve only whether the repair was negligently made and whether the loose carpeting was the proximate cause of Davis–Blunt's injuries.

Therefore, the assignments of error are sustained and the trial court's order granting summary judgment in favor of the Myatts is reversed. This cause is remanded to the trial court for further proceedings consistent with law and with this opinion.

*Judgment reversed*
*and cause remanded.*

HILDEBRANDT, P.J., concurs.

SUNDERMANN, J., dissents.

SUNDERMANN, Judge, dissenting.

Because I am of the opinion that the evidence before the trial court did not raise a genuine issue of material fact regarding Davis–Blunt's negligence claim, I conclude that the trial court was correct in granting summary judgment to the Myatts. Therefore, I must respectfully dissent.

Davis–Blunt rented the premises on September 19, 1996. One week before, Ms. Myatt had pointed out the defect in the carpet and had thereafter repaired it. Once the repair was made, and Davis–Blunt took exclusive possession of the premises, any liability of the Myatts for Davis–Blunt's injury was dependent on their knowledge or notice that the carpet had again come loose. It is undisputed, however, that the Myatts had no knowledge or notice of the alleged defect from the time Davis–Blunt took possession of the premises until she fell on November 4, 1996. The mere fact that the repair was made prior to Davis–Blunt's occupancy did not constitute continuing notice to the Myatts for all time. Notice was required, and there is no dispute that none was given.